Elizabeth Yang (SBN: 249713)
Christopher D. Lee(SBN:310042)
Law & Mediation Offices of Elizabeth Yang
199 W. Garvey Ave., Suite 201
Monterey Park, CA 91754
Telephone: (877) 4926452
Email: Elizabeth@yanglawoffices.com;

Attorneys for Defendant
DNA MOTOR, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUEN HWA TRAFFIC INDUSTRIAL CO., A Corporation Organized Under Taiwanese Law<br><br>        Plaintiff,<br><br>        vs.<br><br>DNA MOTOR, INC., A California Corporation<br><br>Defendant. | Case No.: 2:18-cv-05664-RGK-SK<br><br>Honorable R. Gary Klausner, Presiding<br><br>**DEFENDANT/COUNTERCLAIMANT DNA MOTOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF/COUNTER-DEFENDANT KUEN HWA TRAFFIC INDUSTRIAL CO.'S COMPLAINT** |

# I. ANSWER

Defendant/Counterclaimant DNA MOTOR, INC. (hereinafter "Defendant"),

thorough its undersigned counsel, hereby answers Plaintiff/Counter-Defendant

KUEN HWA TRAFFIC INDUSTRIAL CO. (hereinafter "Plaintiff")'s Complaint

and asserts affirmative defenses as follows:

ANSWER TO COMPLAINT AND COUNTERCLAIM

1

## JURISDICTION AND VENUE

1.      It is denied that Plaintiff is entitled to any relief related to the purported patent infringement or any damages whatsoever. The remainder of this paragraph regarding Plaintiff's characterization of the case requires no response.

2.      Admitted.

3.      It is denied that Defendant's alleged at-issue products constitute infringement or that Plaintiff has been harmed in any conceivable way. It is admitted that Venue is proper with this Court.

4.      Admitted that Defendant transacts within the State of California and the Central District of California and the Court has personal jurisdiction over the Parties in this case.  However, it is denied that Defendant has made, used, sold and/or offered for sale of any infringing products whatsoever.

5.      Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph as no specific product or domain name was identified by Plaintiff.

## PARTIES

6.      Admitted.

7.      Admitted.

## THE ACCUSED PRODUCTS

8.      It is denied that Defendant's products include Plaintiff's patented designs.

9.      It is denied that Defendant's products have infringed upon Plaintiff's patented designs. Defendant lacks sufficient personal knowledge or information to either admit or deny the remainder of this paragraph.

ANSWER TO COMPLAINT AND COUNTERCLAIM
2

10.     Defendant denied that Defendant's products have infringed upon Plaintiff's patented designs.  Defendant lacks sufficient personal knowledge or information to either admit or deny the allegation as to the May 7 and May 10, 2018 notices. It is, however, admitted that Defendant received a Cease and Desist letter from Plaintiff, which Defendant has already responded to.

## THE ASSERTED PATENTS

11.     It is denied that Plaintiff is entitled to any relief or damages. Defendant admits as to the remainder of this paragraph.

## COUNT ONE

12.     This allegation regarding numbering of claims requires no response.

13.     This allegation regarding the design description of Plaintiff's product requires no response.

14.     It is admitted that Defendant acknowledged the existence of Plaintiff's '987 Patent from the prior Cease and Desist letter.  However, it is denied that Defendant's products have infringed upon Plaintiff's patented designs.

15.     Denied. It is further denied that the photograph presented in the Complaint represents the full and complete products sold by Defendant.

16.     Denied.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Defendant denied that Defendant's products have infringed Plaintiff's patented designs.  The remainder of this paragraph requires no response.

21.     Denied.

22.     Denied.

ANSWER TO COMPLAINT AND COUNTERCLAIM

## **COUNT TWO**

23.     This allegation regarding numbering of claims requires no response.

24.     Denied.

25.     Defendant lacks sufficient personal knowledge or information to either admit or deny this paragraph as no such "116 Patent" was ever identified in the Complaint. To the extent a response is necessary, it is denied that Defendant ever infringed upon the "116 Patent."

24.     Denied.

## **PRAYER FOR RELIEF**

Defendant lacks sufficient information or personal knowledge at this time to either admit or deny the allegations as to whether Plaintiff has been damaged in any conceivable way or by which Defendant. It is denied that Plaintiff is entitled to any the requested judicial relief alleged under this section.

To the extent a response is necessary to Plaintiff's jury demand or prayer for relief, Defendant denies that Plaintiff is entitled to the judgment or any of the judicial relief requested in the Complaint, or to any judgment or relief whatsoever.

## **II.  AFFIRMATIVE AND OTHER DEFENSES**

Defendant DNA MOTOR INC. asserts the following defenses, without regard to whether they are "affirmative' defenses or matters as to which Plaintiff has the burden of proof:

## **First Defense**

1. Plaintiff's claims are barred in whole or in part because he fails to state a claim upon which relief can be granted.

**Second Defense**

2. Plaintiff's claims are barred in whole or in part because it failed to join on or more indispensable Parties as required by Fed. R. Civ.P. 19.

**Third Defense**

3. Plaintiff's claims are barred in whole or in part because it lacks standing to assert the claims and/or because the claims are more properly asserted by another.

**Fourth Defense**

4. Plaintiff's claims are barred in whole or in part because it is estopped by its own or its agents' acts or omissions from maintaining proper claims against Defendant.

**Fifth Defense**

5. Plaintiff's claims are barred in whole or in part because it and/or its agents waived their right to relief, if any.

**Sixth Defense**

6. Plaintiff's claims are barred in whole or in part because Plaintiff's claims are untimely under the applicable statutes of limitations and/or are barred by the doctrine of laches because Plaintiff's claims are unjustifiably delayed, to Defendant's prejudice, in bringing suit and/or seeking the relief sought.

**Seventh Defense**

7. Plaintiff's claims are barred because Plaintiff has suffered no damages or otherwise been harmed by any conduct of Defendant.

ANSWER TO COMPLAINT AND COUNTERCLAIM

### Eighth Defense

8. Plaintiff's claims are barred in whole or in part because Plaintiff, through its actions or actions of its agents, have unclean hands.

### Ninth Defense

9. Plaintiff's claims are barred in whole or in part because Plaintiff by its improper conduct or conduct of its agents have released Defendant from any claims asserted.

### Tenth Defense

10. Plaintiff's claims are barred in whole or in part because Plaintiff is not entitled to the damages or other relief sought.

### Eleventh Defense

11. Plaintiff claims are barred in whole or in part because to the extent any harm to Plaintiff occurred, which Defendant denies, such harm was caused, if at all, by the conduct of one or more others and such others are either solely responsible for such acts and conduct, or alternatively, Defendant is entitled to be defended and indemnified by such others.

### Twelfth Defense

12. Plaintiff's claims are barred in whole or in part under the doctrine of res judicata.

### Thirteenth Defense

13. Plaintiff's claims are barred in whole or in part under the doctrine of collateral estoppels.

ANSWER TO COMPLAINT AND COUNTERCLAIM

### Fourteenth Defense

14. Plaintiff's claims are barred in whole because Defendant's conduct was at all times made in good faith, engaged in without malice, and/or was privileged and justified.

### Fifteenth Defense

15. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### Sixteenth Defense

16. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### Seventeenth Defense

17. Plaintiff is not entitled to any requested relief whatsoever because in the eye of an ordinary observer, the accused products and Plaintiff's patented design are NOT "substantially the same."

### Eighteenth Defense

18. Plaintiff's patent is invalid and unforeseeable and it is obvious in light of the prior art, and thereby failing to comply with one or more of the provisions of the Patent Laws of the United States Code, Title 35, including but not limited to failing to meet the conditions of patentability set forth in 35 U.S.C. § 101,102,103 and/or 112.

Defendant reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation.

## Counter-Claim

1.  For its counterclaim against Plaintiff/Counter-Defendant KUEN HWA TRAFFIC INDUSTRIAL CO.  (hereinafter "Counter-Defendant"), Defendant/Counterclaimant DNA MOTOR, INC. (hereinafter "Counterclaimant") alleges as follows:

## The Parties

2. Counterclaimant is and was, at all times relevant to this case, a Company duly licensed to conduct business in the State of California.

3. Counter-Defendant is a and was, at all times relevant to this case, a corporation registered and existing under the laws of Taiwan, with its principal place of business in Taiwan.

## Nature of the Counterclaims and Jurisdiction

4. The Court has jurisdiction of this counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

5. The Court has personal jurisdiction over Counter-Defendant because it has subjected itself to the jurisdiction of this Court by filing the Complaint.

## Counterclaim Count One

**Declaration of Invalidity and Unenforceability of the 987 Patent**

6.  Counterclaimant re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-5 above.

7.  As set forth more fully in Counter-Defendant's Complaint, there is an actual and ongoing controversy between Counterclaimant and Counter-Defendant as to whether the certain product allegedly sold by Counterclaimant infringes upon Counter-Defendant's purported rights under federal law in the Patent Registration No. D791,987 (hereinafter the "987 Patent").

8.  The Parties also have an actual case or controversy regarding the invalidity and unenforceability of the 987 Patent which is obvious in light of the prior art.

9.  There is ripe dispute between the Parties as to whether the 987 patent is invalid for failing to comply with one or more of the provisions of the Patent Laws of the United States Code, Title 35, including but not limited to failing to meet the conditions of patentability set forth in 35 U.S.C. § 101,102,103 and/or 112. 30. Without limitation, the 987 Patent is invalid for obviousness.

10.  To resolve the legal and factual questions raised by the Parties and to afford judicial relief from the uncertainty and controversy regarding the validity of the 987 patent, Counterclaimants are entitled to a declaratory judgment that 987 patent is invalid for the reasons stated as well as to recovery of their attorney's fees incurred under 35 U.S.C. 285 and pursuant to other applicable case law and statutory authorities.

## **Prayer for Relief**

WHEREFORE, Defendant/Counterclaimant DNA MOTOR, INC. prays for relief in its favor with respect to with respect to the non- meritorious Complaint filed by Plaintiff/Counter-Defendant KUEN HWA TRAFFIC INDUSTRIAL CO. as follows:

ANSWER TO COMPLAINT AND COUNTERCLAIM

9

1.   A Judgment should be entered in favor of Defendant/Counterclaimant DNA MOTOR, INC. and against Plaintiff/Counter-Defendant KUEN HWA TRAFFIC INDUSTRIAL CO., thereby dismissing Plaintiff's Complaint in its entirety with prejudice, with Plaintiff taking nothing by way of his non-meritorious claims;

And WHEREFORE, Defendant/Counterclaimant DNA MOTOR, INC. prays for relief by judgment against Plaintiff/Counter-Defendant KUEN HWA TRAFFIC INDUSTRIAL CO. as follows:

1.   An Order for Cancellation of the Patent Registration No. D791,987;

2.   For an award of attorney's fees and costs under 35 U.S.C. 285 as an exceptional case; and

3.   For such other and further relief as the Court may deem just and equitable.

Date: August 16, 2018          Law & Mediation Offices of Elizabeth Yang

By: __/s/ Elizabeth Yang_____
Elizabeth Yang
Attorney for Defendant
DNA MOTOR, INC.