Alexander Chen [SBN 245798]
William Walz [SBN 136995]
Theodore Lee [SBN 281475]
Elliot Landreth [SBN 314884]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Plaintiff
KUEN HWA TRAFFIC INDUSTRIAL CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **KUEN HWA TRAFFIC INDUSTRIAL CO.**, a Corporation organized under Taiwanese law,<br><br>  Plaintiff,<br><br>  v.<br><br>**DNA Motor, Inc.**, a California Corporation,<br><br>  Defendant. | CASE NO.: 2:18-cv-05664-RGK-SK<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE**<br><br>**Scheduling Conference:**<br><br>Date:      December 10, 2018<br>Time:      9:00 a.m.<br>Courtroom: 850 - Roybal<br><br>**Hon. R. Gary Klausner** |

    Counsel for Plaintiff Kuen Hwa Traffic Industrial Co. ("Plaintiff" or "KHT") and Defendant DNA Motor, Inc. ("Defendant" or "DNA Motor") (Plaintiff and Defendant will collectively be referred to as the "Parties") hereby submit this Joint Report and propose the following Report of Parties' Planning Meeting. The positions set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case. The Parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or

evolve.

## A. STATEMENT OF CASE AND FACTUAL SUMMARY

KHT filed the present action against Defendant on June 27, 2018 alleging claims of (1) Patent Infringement of U.S. Patent No. D791,987 under 35 U.S.C. § 271(a) and (2) Willful Infringement of the U.S. Patent No. D791,987.

Defendant DNA Motor filed its Answer and Counterclaim for Declaration of Invalidity and Unenforceability of the said '987 Patent on August 16, 2018. DNA Motor amended its Counterclaim on September 21, 2018.

KHT filed its Answer to Defendant DNA's counterclaim on November 23, 2018.

## B. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

## C. LEGAL ISSUES

(1) Whether Defendant is liable for patent infringement.
(2) Whether Defendant acted knowingly, willfully, and/or intentionally.
(3) In the event liability is found, the type and amount of damages awardable to Plaintiff on the claims alleged.
(4) Whether Plaintiff's patent registration D791,987 is legally invalid;
(5) In the event invalidity of the patent-in-suit is determined, whether this is an exceptional case under 35 U.S.C. 285; and if so, the amount of damages awardable to Defendant.

## D. LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The Parties reserve the right to amend pleadings to add additional parties or to include any additional claims that each may discover are appropriate after conducting discovery.

## E. PARTIES AND EVIDENCE

The Parties are as follows:

2
RULE 26 JOINT REPORT

- Plaintiff: Kuen Hwa Traffic Industrial Co.
- Defendant: DNA Motor, Inc.

**Percipient witnesses** currently known to the parties are as follows:

- Randy Tsang, Kuen Hwa Traffic Industrial Co.
- Patric Liao, Kuen Hwa Traffic Industrial Co.
- Yung-Hsiang Lin, inventor of U.S. Patent No. D791,987
- PMK of DNA Motor, Inc and other pertinent witnesses who may have knowledge on the common usage of purported design reflected in Plaintiff's patent-in-suit.

**Key documents** on the main issues in the case of which the parties are currently aware:

- KHT's patent registrations with regards to the patents at issue in this action;
- Samples of Accused Products offered for sale/sold by Defendant;
- Documents relevant to the calculation of damages, including those related to (a) the volume of Accused Products manufactured/caused to be manufactured and/or purchased by Defendant and the cost of said goods; (b) profits/revenues earned by Defendant from the sale of said goods;
- Documents identifying the source of the Accused Products offered for sale/sold by Defendant.
- Invoices for goods purchased by Defendant.
- Documents identifying prior arts and/or prior registered patents related to Defendant DNA's counterclaim for invalidity of the patent-in-suit.

F.  **DAMAGES**

KHT seeks monetary damages, attorneys' fees/costs, prejudgment and post-judgment interest, and punitive damages pursuant to the Patent Act and California law. Defendant disputes the nature and extent of Plaintiff's alleged damages.

DNA seeks an award of attorney's fee and costs under 35 U.S.C. 285 as an

exceptional case in addition to an Order for Cancellation of the Patent Registration No. D791,987.

**E.   INSURANCE:**

Defendant DNA Motor, Inc. is not being provided defense in this action by its insurance carrier.

**G.   MOTION SCHEDULE.**

The Parties propose that all potentially dispositive motions shall be heard by **June 10, 2019**.

The Parties may make motions for summary judgment/adjudication if the facts warrant such a motion. The Parties believe that the information obtained during discovery will determine whether such motions are necessary.

**H.   MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that the procedures of the Manual for Complex Litigation should be utilized.

**I.   DISCOVERY AND EXPERTS**

The Parties agree to conduct discovery, including the taking of depositions and the propounding of interrogatories, requests for admission and document requests, in accordance with the Federal Rules of Civil Procedure and the Local Rules, without modification thereto. However, nothing in this stipulation shall impair the right of any party to seek departures from the Federal Rules and/or Local Rules upon a showing of good cause.

The Parties will work together to minimize discovery disputes.

**1.   Discovery Cut-Off**

The Parties will make their Initial Disclosures no later than **December 10, 2018**. They propose a discovery cut-off date of **July 12, 2019**, such that all non-expert discovery shall be commenced in time to be completed by said date.

**2.   Depositions**

Plaintiff currently anticipates taking the following depositions:

- Person Most Knowledgeable of relevant topics, DNA Motor, Inc. pursuant to Fed.R.Civ.P. 30(b)(6)

Defendant currently anticipate taking the following depositions:

- Person Most Knowledgeable of relevant topics, KHT pursuant to Fed.R.Civ.P. 30(b)(6)

The Parties have not yet scheduled dates for these depositions.

**3.  Written Discovery**

The Parties anticipate issuing formal discovery requests through the use of Requests for Admission, Requests for Production, as well as Special Interrogatories on the following subjects:

(1) KHT's ownership and rights to the design patents at issue in this action;

(2) Source of the Accused Products sold by Defendant;

(3) Factors relevant to the determination of likelihood of confusion between the parties' goods;

(4) Issue of Damages and all factors used to determine same;

(5) Whether Defendant acted willfully and/or with knowledge/intent;

(6) Defendant' affirmative defenses and facts in support thereof;

(7) Prior arts and prior registered patents to KHT's design Patent;

(8) Any other topics which may properly arise.

**4.  Phases/Limitation of Discovery**

The Parties agree that discovery should not be conducted in phases or limited to or focused upon particular issues. The Parties do not believe that any changes to the standard discovery rules are necessary. The Parties agree that no modification of the discovery limitations set forth in Federal Rules of Civil Procedure or the Local Rules are necessary at this time. However, the Parties reserve their right to request the Court to modify the limitations imposed by Fed. R. Civ. P. 26 and the Local Rules.

**5.  Privilege or Protection of Sensitive Information**

The Parties may enter into a suitable protective order for the production of information and/or documents containing confidential, proprietary, or private personal information.

### 6. Expert Discovery

Unless otherwise ordered by the court, the parties will make expert disclosures at least ninety (90) days before the date set for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. *See* Fed. R. Civ. P. 26(a)(2)(D).

### 7. Electronically-Stored Information

All electronically-stored information that is responsive to a discovery request, or that must be produced with a party's initial disclosures, must be produced in paper format or Portable Document Format (PDF).  The Parties have agreed that all documents and information are to be produced in paper or electronic format, but each party may request electronic copies of any paper documents produced.  Insofar as is possible with regard to the format in which electronic documents are provided, no information shall be omitted from a document as a result of the form in which the document is produced.  Such discoverable information contained electronically shall not be destroyed, deleted, or otherwise discarded.

**J.   JURY TRIAL**

The Parties have agreed to a JURY TRIAL.

**K.   LENGTH OF TRIAL**

The estimated length for trial is 5-7 court days.

Proposed Pre Trial Conference date:     **November 18, 2019**

Proposed Trial date:                                    **December 2, 2019**

**L.   TRIAL COUNSEL**

Trial counsel for Plaintiff KHT will be Alexander Chen and William Walz.

Trial counsel for Defendant DNA Motor will be Christopher D. Lee and Elizabeth Yang.

**M.  SETTLEMENT**

The Parties hope to settle this matter before trial, and agree to participate in a mediation before this **Court's ADR Panel**.

**N.  MAGISTRATE JUDGE**

The Parties do not wish to have a Magistrate Judge preside over this case.

DATED: November 30, 2018      INHOUSE CO.

By: /s/ Alexander Chen
Alexander Chen
William Walz
***Attorneys for Plaintiff
Kuen Hwa Traffic Industrial Co.***

DATED: November 30, 2018      LAW AND MEDIATION OFFICE OF ELIZABETH YANG

By: /s/ Christopher D Lee
Christopher D Lee
Elizabeth Yang
***Attorneys for Defendant
DNA Motor, Inc.***