Alexander Chen [SBN 245798]
William R. Walz [SBN 136995]
Theodore Lee [SBN 281475]
Elliot Landreth [SBN 314884]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Plaintiff,
KUEN HWA TRAFFIC INDUSTRIAL CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KUEN HWA TRAFFIC INDUSTRIAL CO., a Corporation organized under Taiwanese law,<br><br>　　　Plaintiff;<br><br>　vs.<br><br>DNA Motor, Inc., a California Corporation,<br><br>　　　Defendant. | Case No.: 2:18-cv-05664-RGK-SK<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Date:　　July 22, 2019<br>Time:　　9:00 a.m.<br>Dept.:　　850<br>Judge:　　Hon. R. Gary Klausner |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are plaintiff Kuen Hwa Traffic Industrial Co. (hereinafter "Plaintiff") and defendant DNA Motor Corp, Inc. ("Defendant").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are Plaintiff's Complaint (Doc. No. 1) and Defendant's Amended Counterclaim (Doc. No. 22).

2. Federal jurisdiction and venue are invoked upon the ground of federal question jurisdiction. Defendant is located within this district. The facts requisite to jurisdiction and venue are admitted.

3. The trial is estimated to take 4 days.

4. The trial is to be a bench trial. The parties shall adhere to the following post-trial briefing schedule:

    a. Plaintiff's initial post-trial brief to be filed 7 days after the last day of trial.

    b. Defendant's opposing brief to be filed 14 days after the last day of trial.

    c. Plaintiff's reply brief to be filed 21 days after the last day of trial.

5. The following facts are admitted and require no proof:

    a. Plaintiff has not granted a license or any other authorization to Defendant DNA Motor, Inc. to make use, offer for sale, sell, or import headlights that embody the headlight design patented in the '987 Patent and which is proprietary to Plaintiff.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

7. The claims and defenses to be presented at trial are as follows:

<u>Plaintiff</u>:

a. Plaintiff plans to pursue the following claims against the Defendant:

<u>Claim 1</u>: Defendant infringed upon US Design Patent No. D791,987 (the "'987 Patent"), belonging to Plaintiff, in violation of 35 U.S.C. § 271;

<u>Claim 2</u>: Defendant's infringement was willful.

b. The elements required to establish Plaintiff's claims are:

<u>Claim 1: Infringement</u>

1. A product directly infringes a patent if it is covered by at least one claim of the patent.

2. This is a two-step process:

   a. Decide the meaning of the patent claim.

   b. Decide whether defendant has made, used, sold, offered for sale, or imported within the United States a product covered by a claim of the patent.

<u>Claim 2: Willful Infringement</u>

1. Defendant infringed upon a claim of the patent.

2. Defendant intentionally ignored or recklessly disregarded that claim.

c. In brief, the key evidence Plaintiff relies on for each of the claims is:

<u>Claim 1: Infringement</u>

Plaintiff's expert Jaio will testify that he compared the four views of the '987 Patent with corresponding views of DNA's Gen1 and Gen2 Accused Products, and found that the overall appearance of the Accused Products infringes upon the '987 Patent. Based upon visual inspection, Jaio will opine that it is apparent that all the major design features from the patented '987 design are also found in the DNA Gen1 and Gen2 Accused Products' design. Just as in the patented design, the DNA Gen1 and Gen2 Accused Products' design have the following features:

(a) A single round-shaped lens projector type of headlamp that serves as both the high-beam and the low-beam feature.

(b) A "side-way" U-shaped lamp around outboard of the single projector headlamp that serves as the daytime running light feature.

(c) A generally rectangular-shaped front signal lamp feature inboard adjacent to the single projector headlamp.

(d) An arrow-wedge-shaped retroreflective reflector feature extends to meet the "side-way" U shaped lamp.

(e) A generally rectangular-shaped side marker lamp feature outboard adjacent to the single projector headlamp.

(f) A horizontally oriented V-shaped decorative bezel feature inboard adjacent to and extended surrounding the single projector headlamp.

Jaio further will opine that there is no material or obvious visual distinction between the DNA Gen1 and Gen2 Accused Products (when they are unlit), and as such, his infringement opinion is identical for Gen2.

While there are a handful of minor differences between the '987 Patented design and DNA Gen1 and Gen2, these minor differences merely prevent DNA's Gen1 and Gen2 Accused Products from being exact copies of the patented '987 design. They do not carry sufficient weight to alter, in the mind of the ordinary observer, the overall impression created by the DNA Gen1 and Gen2 Accused Product designs, which incorporate every major design feature from the patented '987 design.

Thus, the DNA Gen1 and Gen2 Accused Products design are substantially the same as the patented '987 design and embody the patented '987 design. An ordinary observer purchasing a 2012-2015 Toyota Tacoma projector style headlight would also

find the DNA Gen1 and Gen2 Accused Product designs to be substantially the same as the patented '987 design.

Claim 2: Willful Infringement

Plaintiff deposed DNA's PMK James Yeu on May 7, 2019, and expects him to testify similarly, or if he does not, will use the transcript at trial. At his deposition, Yeu admitted that while aware of the '987 Patent, he relied on his manufacturer's assertion that there was no infringement based on testing reports provided by the manufacturer in the Chinese language which he admittedly could not read. Yeu further admitted that he did not seek the advice of independent counsel for a freedom to operate analysis, and the only non-infringement and invalidity opinions he received are from his current litigation counsel, which are inadmissible as litigation counsel has not waived privilege. Finally, Yeu admitted that DNA has continued to sell the Accused Products through today despite the pending litigation.

Defendant:

a. Plaintiff plans to pursue the following claims against the following defendants:

Claim 1: Plaintiff's '987 Patent is invalid and unenforceable

b. The elements required to establish Plaintiff's claims are:

Claim 1: Invalidity and Unenforceability

3. A patent is invalid if the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

4. This is a two-step process:

   a. Decide the meaning of the patent claim.

   b. Decide if the prior art disclosed covers claim 1 of the '987 patent.

c.  In brief, the key evidence Defendant relies on for each of the claims and defenses is:

Claim 1: No-Infringement/Willful Infringement

Defendant will demonstrate at trial that each of the elements of Claim 1 of the '987 patent are not met by the accused device. James Yeu the company's PMK will testify that he did not believe that the accused device.

Claim 1: Invalidity and Unenforceability

Defendant will demonstrate at trial that the Prior Art submitted with Defendant's reexamination request covers claim 1 of the '987 Patent or renders claim 1 of the '987 patent obvious in light of the Prior Art. Defendant will prove that the major design features from the patented '987 design are also found in the Prior Art designs. Just as in the patented design, the Prior Art designs have the following features:

(a) A single round-shaped lens projector type of headlamp that serves as both the high-beam and the low-beam feature.

(b) A "side-way" U-shaped lamp around outboard of the single projector headlamp that serves as the daytime running light feature.

(c) A generally rectangular-shaped front signal lamp feature inboard adjacent to the single projector headlamp.

(d) An arrow-wedge-shaped retroreflective reflector feature extends to meet the "side-way" U shaped lamp.

(e) A generally rectangular-shaped side marker lamp feature outboard adjacent to the single projector headlamp.

(f) A horizontally oriented V-shaped decorative bezel feature inboard adjacent to and extended surrounding the single projector headlamp.

While there are a handful of minor differences between the '987 Patented design and the Prior Art designs, these minor differences do not carry sufficient weight as the Prior Art designs incorporate every major design feature from the patented '987 design.

Thus, the Prior Art designs are substantially the same as the patented '987 design and embody the patented '987 design. The '987 patent should never have been issued in the first place and should hence be invalidated and deemed unenforceable.

8. In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

    a. Whether Defendant's Gen1 and Gen2 of the Accused Products infringe upon the '987 Patent; and

    b. Whether Defendant's infringement is willful;

    c. Whether the '987 Patent is invalid and unenforceable.

9. All discovery is complete.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The parties separately filed exhibit lists, and will file a joint exhibit list:

Plaintiff objects to Defend Exhibit Nos. Defendant Exhibit 101, 107, 108, and 109, which are inadmissible pursuant to Judge Kim's July 11, 2019, order granting Plaintiff's motion for sanctions in part.

Defendant objects to Exhibit Nos. Plaintiff Exhibits 28, 29, 30, 31, 32, and 34.

Plaintiff's Objections to Defendant's Exhibits are:

| Identification | Objections | Grounds |
|---|---|---|
| Defendant's Exhibit 101 | Admissibility | Relevance, Hearsay, Not Produced Timely During Discovery. |

| Defendant's Exhibit 107 | Admissibility Authenticity | Relevance, Not Produced Timely During Discovery. |
| Defendant's Exhibit 108 | Admissibility Authenticity | Relevance, Not Produced Timely During Discovery. |
| Defendant's Exhibit 109 | Admissibility | Relevance, Not Produced Timely During Discovery. |

Defendant's Objections to Plaintiff's Exhibits are:

| Identification | Objections | Grounds |
|---|---|---|
| Plaintiff's Exhibit 28 | Admissibility | Not Produced Timely During Discovery. |
| Plaintiff's Exhibit 29 | Admissibility | Not Produced Timely During Discovery. |
| Plaintiff's Exhibit 30 | Admissibility Authenticity | (need to review) |
| Plaintiff's Exhibit 31 | Admissibility Authenticity | (need to review) |
| Plaintiff's Exhibit 32 | Admissibility Authenticity | Relevance, Not Produced Timely During Discovery. |
| Plaintiff's Exhibit 34 | Admissibility Authenticity | Relevance, Not Produced Timely During Discovery. |

11. A joint witness list will be filed herewith, superseding the separate lists already filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Plaintiff objects to the testimony of Jacky Chen, Paul Tam, Matt Perkins, and Ricko Cheung, on the ground that this is the first time Plaintiff has seen any of these names despite requesting same in discovery. To that extent, Defendant has indicated to Plaintiff on July 11, 2019, that it will no longer be calling these four named individuals. As such, their testimony should be precluded as unfair surprise. Plaintiff further objects Defendant in offering any expert witness testimony because no disclosure

pursuant to FRCP 26 was ever made whereas Plaintiff timely served expert disclosure and expert report on defendant's counsel James Fielder who defended defendant's PMK deposition.

Defendant objects to the testimony of Hao-Lin Huang and Wilson Lam, on the grounds that this is the first time Defendant has seen any of these names despite requesting same in discovery. Defendant further objects to the expert testimony of Dr. Jianzhong Jiao, on the grounds that Defendant's failed to comply with the Federal Rules of Civil Procedure pertaining to expert disclosures.

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 23-1: The deposition of Defendant's PMK, James Yeu, on May 7, 2019.

Plaintiff designates the following portions of Mr. Yeu's deposition:

a) 11:12-18:7

b) 18:8-24:17

c) 34:18-52:14

d) 52:15-59:5

e) 59:6-82:2

f) 82:3-88:22

g) 88:22-109:13

h) 109:17-132:14

i) 132:15-146:24

j) 147:5-148:6

12. The following law and motion matters, and no others, have occurred:

  a. Defendant's Motion to Stay – denied on 6/28/19.

FINAL PRETRIAL CONFERENCE ORDER

- 9 -

      b. Plaintiff's Motion for Issue, Evidentiary, and Instructional Sanctions – granted in part on 7/9/19 and attorney's fees to be awarded.

13. The following motions in limine, and no others, have either been stipulated to or are pending:

      a. Both parties stipulate to the exclusion of all witnesses not disclosed in discovery.

      b. Plaintiff has filed the following motions in limine:

           i. To exclude expert testimony by Defendant for failure to disclose pursuant to FRCP 26(a)(2).

           ii. To exclude an advice of counsel defense by Defendant.

           iii. To preclude from offering any expert testimony from a lay witness.

           iv. To preclude from offering any documents into evidence not produced during discovery.

      c. Defendant has filed the following motions in limine:

           i. To exclude any Accused Products not alleged in Plaintiff's Complaint.

14. Bifurcation of the following issues for trial is ordered: None.

15. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2019

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

                                                  /s/ Alexander Chen
                                                  Alexander Chen, Esq.
                                                  Attorney for Plaintiff

                                                  /s/ Elizabeth Yang
                                                  Attorney for Defendant

INHOUSE CO. LAW FIRM

FINAL PRETRIAL CONFERENCE ORDER