# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order and Judgment re: Bench Trial**

## I.  INTRODUCTION

On June 27, 2018, Kuen Hwa Traffic Industrial Co. ("Plaintiff") filed the instant action against DNA Motor, Inc. ("Defendant"). The Complaint asserts that Plaintiff is the owner of United States Design Patent No. D791,987, entitled "Vehicle Headlight" (hereinafter referred to as, "the '987 Patent" or "the patent in suit"), and alleges two claims against Defendant: (1) patent infringement, in violation of 35 U.S.C. § 271(a); and (2) willful infringement. Plaintiff contends that Defendant sold two models of headlights, identified as model Gen 1 and model Gen 2 ("the accused products"), that infringe the '987 Patent. Plaintiff seeks actual damages and a permanent injunction.

On August 16, 2018, Defendant answered the complaint and filed a counterclaim. Defendant's answer included eighteen affirmative defenses. On September 21, 2018, Defendant filed a first amended counterclaim seeking declaratory judgment that the '987 Patent is invalid under 35 U.S.C. § 102(a) and § 103. After pretrial motions, there were five issues to resolve at trial: (1) patent ownership; (2) infringement; (3) willful infringement; (4) remedies; and (5) invalidity.[1]

A bench trial was held on August 7 and 8, 2019. After reviewing the record and considering the arguments and evidence presented at trial, the Court made the following findings: (1) Plaintiff owns the '987 patent; (2) Plaintiff did not establish by a preponderance of the evidence that Defendant's products infringe on the '987 Patent; (3) Plaintiff did not establish willful infringement; (4) Plaintiff is not entitled damages or a permanent injunction; and (5) Defendant did not establish that the '987 Patent is invalid.

---

[1] Based on evidence and argument at trial, it appears that the parties abandoned any other claims, counterclaims, or affirmative defenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.* | | |

Based on those findings and for the following reasons, the Court **ENTERS JUDGMENT IN FAVOR** of Defendant as to Plaintiff's Complaint and **DISMISSES** Plaintiff's infringement and willful infringement claims. The Court also **ENTERS JUDGMENT IN FAVOR** of Plaintiff as to Defendant's FACC and **DISMISSES** Defendant's invalidity counterclaim.

II.   **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This opinion serves as the findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52. Fed. R. Civ. P. 52. Any finding of fact that actually constitutes a conclusion of law is adopted as such, and vice versa.

   A.   **Findings of Fact**

Plaintiff is a corporation organized under the laws of Taiwan with a principal place of business Tainan City, Taiwan. Plaintiff manufactures aftermarket vehicle headlights. Defendant is a company licensed to conduct business in California with a principal place of business in City of Industry, California. Defendant is a product reseller that does not design its own products, but instead re-sells products that are designed and manufactured by other companies.

      *i.*   *Patent Ownership*

On July 11, 2017, the United States Patent and Trademark Office ("USPTO") issued the '987 Patent (Figure 1), which includes a single claim directed to the ornamental design for a vehicle headlight and five figures describing its design.[2] The Official '987 Patent Certificate, admitted into evidence as Exhibit 21, identifies Yung-Hsiang Lin as the inventor and names Plaintiff as the assignee. The application for the '987 Patent was filed on April 20, 2016. The product embodying the '987 Patent design was admitted into evidence as Exhibit 30 (Figure 2). This product is an aftermarket, replacement headlight for a 2012–2015 Toyota Tacoma.

 

Fig. 1                    Fig. 2

---

[2] The design figures of the patent contain solid and broken lines, but the broken lines are not part of the claimed design.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | ***Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.*** | | |

ii. <u>The '987 Patent</u>

As depicted by the solid lines in the design figures of the patent in suit (Figure 1), the '987 Patent has four identifying features. First, the single lens projector on the patent in suit is cylindrical and located within a slightly recessed cavity. Second, the patent in suit has an "eyelid" or "hood" that comes out over and covers the top of the lens projector. Third, the patent in suit contains a V-shaped bevel on the left side of the lens projector that extends from the top-left corner of the lens projector down to the bottom-center of the lens projector. The V-shaped bevel also has a recessed step located between the outermost part of the bevel and the lens projector. Fourth, the design of the '987 Patent includes a sideways U-shaped lamp, which opens to the left and wraps around the right side of the lens projector, connecting to one end of the V-shaped bevel at the top-left corner of the lens projector and to the other end of the bevel at the bottom-center of the lens projector.

iii. <u>The Accused Products</u>

Plaintiff accuses Defendant of selling two models of headlights—identified as model Gen 1 and model Gen 2—that infringe the patent in suit. Defendant's Gen 1 (Figure 3) and Gen 2 (Figure 4) models are, at most, marginally different. In fact, Plaintiff's expert, Jianzhong Jiao, indicated that the differences between the two models are noticeable only when the lights are illuminated. Thus, for purposes of this infringement action, Defendant's two models are indistinguishable. (*See* Figs. 3 and 4.) These products are also aftermarket, replacement headlights for a 2012–2015 Toyota Tacoma.

 

Fig. 3  Fig. 4

The accused products have three identifying features. First, the lens projectors on the accused projects are spherical. Second, the accused products have a rounded V-shaped bevel to the left of the lens projector. Third, the accused products have a sideways U-shaped lamp that opens to the left and wraps around the right side of the lens projector. The ends of the U-shaped lamp are symmetrical; they extend past the left edge of the projector and stop short of the V-shaped bevel. Notably, the accused products do not contain an "eyelid" over the top part of the lens projector.

iv. <u>Prior Art</u>

Defendant produced three other headlight designs at trial that were in existence before the '987

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.* | | |

Patent was filed with the USPTO; United States Design Patent Nos. D714,476S ("the '476 Patent") and D797,324S ("the '324 Patent) and Chinese Registered Patent No. CN201330218260.2 ("the '260.2 Patent"). The '476 Patent (Figure 5) contains a circular, protruding lens projector; a thin, upright U-shaped lamp; and three additional lights located below the U-shaped lamp. The '324 Patent (Figure 6) has a recessed, spherical lens projector, as well as a sideways U-shaped lamp with distinct corners that opens to the right. The '260.2 Patent (Figure 7) contains a spherical lens projector, an "Angry Birds'" eyelid on top of the projector, and a thin lamp that wraps around three-fourths of the projector.



Fig. 5    Fig. 6    Fig. 7

*v.*    *The Cease and Desist Letter*

Sometime after the product embodying the '987 Patent was available for sale, Plaintiff's general manager and chairman, Hao-lin Huang, learned about Defendant's Gen 1 headlight. Huang immediately sought counsel, who sent Defendant a cease and desist letter ("CDL") shortly thereafter. The CDL notified Defendant of the '987 Patent and demanded that Defendant cease distribution of its products in question.

Defendant's general manager, James Yeu, received and read the CDL. Yeu—who is generally familiar with design patents and who has reviewed design patents in the past—analyzed and compared the patent in suit to the accused products. Yeu personally determined that the accused products did not infringe the patent in suit. Yeu then sought the advice of outside patent attorney, Che-Yang Chen. Chen reviewed the designs for one to two minutes and advised Yeu that the differences between the '987 Patent and the accused products were too different to constitute infringement.[3]

Despite receiving the CDL, Defendant, based on Yeu's determination and Chen's advice, continued to distribute and sell the accused products.

---

[3] The Court notes that, in regard to seeking Chen's advice, Yeu's trial testimony differs from his deposition testimony. At his deposition, Yeu stated that he sought advice only from his litigation attorney. Yeu admitted this discrepancy at trial, however, explaining that he "forgot" to mention his meeting with Chen and that the meeting "slipped" his mind because he did not think it was important. Defendant also planned to call Chen as a witness to presumable collaborate Yeu's trial testimony. For these reasons and based on the Court's observation of Yeu at trial, the Court finds that Yeu's testimony at trial was credible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.* | | |

**B.    Conclusions of Law**

The Court addresses the five remaining issues in turn: (1) patent ownership; (2) infringement; (3) willful infringement; (4) remedies; and (5) invalidity.

*i.    Patent Ownership*

Defendant argued in its closing statement that Plaintiff does not have standing to assert patent infringement of the '987 Patent. Defendant surmised that, because no document showing patent assignment had been admitted into evidence, Plaintiff could not establish that it was the lawful assignee to the '987 Patent.

This argument fails. Under 35 U.S.C. § 261, applications for patent "shall be assignable in law by an instrument in writing." This section also provides that a signed "certificate of acknowledgment . . . shall be prima facie evidence of the execution of an assignment . . . of a patent or application for patent." *Id*. Here, the official patent in suit certificate identifies Plaintiff as the assignee. Presumably, for Plaintiff to be named as the assignee on the patent certificate, an instrument in writing assigning the patent to Plaintiff was provided to the USPTO during the application process. Defendant also fails to present any evidence that indicates Plaintiff is not the assignee.

Accordingly, the Court finds that Plaintiff is the assignee of the '987 Patent.

*ii.    Patent Infringement*

A claim for patent infringement must be shown by a preponderance of the evidence. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001). Courts evaluate design-patent infringement in a two-step process. *Arminak & Assocs. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc). Courts first "construe the claims of the design patent to determine their meaning and scope." *Arminak*, 501 F.3d at 1319. Courts then "compare the construed claims to the accused design." *Id*. at 1320. "Infringement of a design patent occurs if the designs have the same general visual appearance, such that it is likely that the purchaser (or the ordinary observer) would be deceived into confusing the design of the accused article with the patented design." *Id*. (alterations and internal quotation marks omitted).

Because it is difficult "to describe a design in words," it is usually "preferable . . . for a . . . court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc.*, 543 F.3d at 679. Instead, "[a] design patent's claim is . . . often better represented by [graphic] illustrations." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.* | | |

1320 (Fed. Cir. 2016). With the relevant designs depicted above, the Court turns to the second step of the infringement analysis.

At this step, the Court compares "the patented and accused designs . . . for *overall visual similarity.*" *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (emphasis added). To find infringement, the two designs need not be identical; substantial similarity is enough. *Arminak*, 501 F.3d at 1320; *Egyptian Goddess*, 543 F.3d at 670. Specifically, under the ordinary-observer test, no infringement occurs where "the accused design could not reasonably be viewed as so similar to the claimed design that a purchaser [or ordinary observer] familiar with the prior art would be deceived by the similarity between the claimed and accused designs," "'inducing him to purchase one supposing it to be the other.'" *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 701 (Fed. Cir. 2014) (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)); *accord Egyptian Goddess*, 543 F.3d at 674.

   a.  *Ordinary Observer*

The Court must first identify the ordinary observer. *Arminak*, 501 F.3d at 1321. "[T]he focus is on the actual product that is presented for purchase, and the ordinary purchaser of that product." *Goodyear Tire Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1116–17 (Fed. Cir. 1998), *abrogated on other grounds by Egyptian Goddess,* 543 F.3d at 678. Accordingly, the ordinary observer in this case is an individual consumer who buys aftermarket headlights for a 2012–2015 Toyota Tacoma. The ordinary observer is also one who is familiar with the prior art presented in this case—depicted and described above. *See Egyptian Goddess,* 543 F.3d at 676 ("[T]he ordinary observer is deemed to view the differences between the patented design and the accused product in the context of the prior art.").

   b.  *Infringement Analysis*

The Court, before issuing its ruling that the accused products do not infringe the patent in suit, reviewed several images of the patent in suit, the product embodying the patent in suit, the accused products, and the prior art produced at trial. The Court also examined the actual headlights admitted into evidence—the headlight embodying the patent in suit (Exhibit 30), as well as the accused products (Exhibits 31(a) and 31(b)).

As the Court explained on the record at the conclusion of trial, Plaintiff failed to show by a preponderance of the evidence that the general appearance of the accused products and the '987 Patent are so similar that the ordinary observer would confuse the accused products with the patent in suit. That is, the Court concludes that the accused products and the patent in suit have ornamental differences in their overall appearance.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.* | | |

Most notably, the patent in suit has an "eyelid" that covers the top of the lens projector. No such cover is found on the accused products. The Court is not persuaded by Plaintiff or Plaintiff's expert that the eyelid on the patent in suit is simply a minor difference. Nor did Plaintiff establish that the eyelid is merely functional, as opposed to ornamental. This difference alone distinguishes the overall appearance of the '987 Patent from the overall appearances of the accused products.

The Court also finds that the overall appearances of the accused products and the '987 Patent are dissimilar for additional reasons. The U-shaped lamp on the patent in suit does not extend past the bottom of the lens projector, while the bottoms of the U-shaped lamps on the accused products do. The V-shaped bevel on the patent in suit is also different; it has a recessed step located between the outermost part of the bevel and the lens projector, which cannot be found on the accused products. Finally, although not mentioned by either side at trial, the Court also notes that the lens projectors themselves appear to be different. The projector on the patent in suit is cylindrical and located within a slightly recessed cavity. The projector on the accused products, however, appears to be spherical, and it is not recessed or protruding out.

The Court therefore finds that the accused products do not infringe on the '987 Patent.

### iii. *Willful Infringement*

Plaintiff also alleged and presented evidence that Defendant willfully infringed the '987 Patent. Plaintiff's argument is based on the fact that Defendant continued to sell and distribute the accused products after Plaintiff's CDL informed Defendant of the '987 Patent.

Because Plaintiff failed to establish infringement, Plaintiff cannot establish willful infringement.

But even if infringement had been established, Plaintiff did not establish willful infringement. Plaintiff's willful infringement claims is based solely on Defendant's knowledge of the '987 Patent after the CDL. Evidence that an infringer knew of the patent "and nothing more" is insufficient to establish willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (Breyer, J., concurring). Moreover, the Court finds that Defendant's conduct was not willful. Based on the evidence presented at trial, the Court is convinced that Yeu, Defendant's general manager, had a good-faith belief that the accused products did not infringe based on his own analysis of the design patents and his reliance on outside counsel.

Accordingly, the Court finds that Plaintiff does not establish willful infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | ***Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.*** | | |

    *iv.*    <u>*Remedies*</u>

Plaintiff seeks the following remedies: permanent injunction (enjoining Defendant's from selling the accused products), damages pursuant to 35 U.S.C. § 289, and treble damages for willful infringement pursuant to 35 U.S.C. § 284. Because Plaintiff does not prevail on any of its claims, Plaintiff is not entitled to damages or injunctive relief.

    *v.*    <u>*Invalidity*</u>

Defendant's lone counterclaim is for declaratory judgment that the '987 Patent is invalid under 35 U.S.C. § 102(a) and § 103.[4]

It is well-established that a patent is presumed valid, and the defendant has the burden of proving invalidity by clear and convincing evidence. *See* 35 U.S.C. § 282; *Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1320 (Fed. Cir. 2004).

Under § 102(a), a patent is deemed invalid if a product embodying the design of a patent is on sale for more than a year before the patent application is filed. *See* 35 U.S.C. § 102(a). The application for the '987 Patent was filed on April 20, 2016. Plaintiff's chairman and general manager, Huang, testified that Plaintiff first sold the product embodying the patent in suit in approximately 2015, after initially indicated that it may have been 2014. Defendant therefore argued in closing that the '987 Patent was invalid. But Huang's testimony alone does not establish—especially by clear and evidence—that Plaintiff sold products embodying the patent in suit before April 20, 2015. Defendant therefore fails to establish that the '987 Patent was invalid under § 102(a).

Under § 103, a patent is deemed invalid for obviousness "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious . . . to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. For design patents, "the ultimate inquiry under section 103 is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1331 (Fed. Cir. 2014) (citations and internal quotations omitted). This inquiry requires a two-step process. *Id*. First, a court must identify a primary prior art reference with design characteristics that are "basically the same" as the patent in suit. *Id*. To

---

[4] Plaintiff, in its trial brief and at trial, repeatedly argued that the '987 Patent is not invalid on the theory of anticipation pursuant to 35 U.S.C. § 102(b). But Defendant did not plead invalidity under an anticipation theory, nor did Defendant present evidence or argument of such theory at trial. The Court therefore need not analyze invalidity based on a theory of anticipation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05664-RGK-SK | Date | August 20, 2019 |
|---|---|---|---|
| Title | ***Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.*** | | |

determine whether a design is "basically the same," a court must consider the "visual impression created by the patented design as a whole." *Id*. (quoting *In re Rosen*, 673 F.2d 388, 391 (CCPA 1982)). Second, after finding a primary reference, a court may consider "secondary references" that modify the primary reference and create a design with the same overall visual appearance of the patent in suit. *MRC Innovations*, 747 F.3d at 1331.

Here, Defendant fails to establish that any of the proffered prior arts constitutes a "primary reference" to the '987 Patent. The prior arts do not create the same visual impression as the '987 Patent. As explained in the findings of fact above, the prior art designs identified by Defendant are not "basically the same" as the patent in suit.

Moreover, Defendant does not argue that the Court should consider any of the prior designs as the primary reference. Instead, Defendant merely argues that the identifying features in the patent in suit were obvious because the identifying features of the patent in suit exist in the prior art. Such an argument is insufficient to establish obviousness, however, because Defendant does not first establish a primary prior art reference.

Accordingly, the Court finds that Defendant fails to establish that the '987 Patent is invalid.

### III.     CONCLUSION

In light of the foregoing, the Court **ENTERS JUDGMENT IN FAVOR** of Defendant as to Plaintiff's Complaint and **DISMISSES** Plaintiff's infringement and willful infringement claims. The Court also **ENTERS JUDGMENT IN FAVOR** of Plaintiff as to Defendant's FACC and **DISMISS** Defendant's invalidity counterclaim.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | CCH |